UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
101 W. Lombard Street
Baltimore, MD 21201

BALTIMORE-NIGHT BOX
2014 AUG 20  PM 9: 28
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND

Carol Jno Baptiste, et al

    Plaintiff

vs

**CCB 14 CV 2696**

Erin Shaffer, Esq;

RLI Insurance Company (herein "RLI');

Alex Cooper Auctioneers, Inc (herein "ACA");

Selene Finance; (herein "Selene");

SELENE FINANCE LP, (herein "Selene");

Larry E. Cooper;

Joseph A. Cooper;

Annette B. Cooper;

Paul R. Cooper;

Friedman & Friedman, LLP

Erin M. Brady;

Laura H.G. O'Sullivan,

Gloria Ann Beatty

Diana C. Theologou

Jonathan Elefant,

Laura T. Curry,

Chasity Brown,

Abby K. Moynihan,

Antoinette N. Moore,

Laura Latta,

Michael Cantrell,

Daniel Fanaselle,

Ledeanna D. Adams,

Kyle J. Moulding,

Joseph C. Coleman,

Bank Of America, NA (herein "BOA")

McCabe, Weisberg & Conway, PC;(herein "McCabe')

McCabe, Weisberg & Conway, LLC, et al (herein "McCabe"),

1-100 , et al

    Defendant(s)

## COMPLAINT

## COMPLAINT AND DEMAND FOR JURY TRIAL

I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Carol Jno Baptiste an individual consumer, against Defendants MWC, et al for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), and the mirroring state laws which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 ("DJA"). Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here in Baltimore City, Maryland.

III. PARTIES

3. Plaintiff, Carol Jno Baptiste, et al is a natural person residing in Baltimore, City, Maryland.
4. Defendant, also known as Erin Shaffer, Esq, is a natural person employed by Defendant MWC as a collector at all times relevant to this complaint.

5. Defendant, also known as Larry E. Cooper, is a natural person employed by Defendant MWC as a collector at all times relevant to this complaint. Larry E. Cooper;

6. Defendant, Joseph A. Cooper; is a natural person employed by Defendant MWC as a collector at all times relevant to this complaint. Larry E. Cooper;

7. Defendant, Annette B. Cooper; is a natural person employed by Defendant MWC as a collector at all times relevant to this complaint. Larry E. Cooper;

8. Defendant, Paul R. Cooper; is a natural person employed by Defendant MWC as a collector at all times relevant to this complaint. Larry E. Cooper;

9. Defendant, Friedman & Friedman, LLP is a natural person employed by Defendant MWC as a collector at all times relevant to this complaint. Larry E. Cooper;

10. Defendant MWC, also known as Erin M. Brady, is a natural person employed by Defendant MWC as a collector at all times relevant to this complaint.

11. Defendant MWC, also known as Laura H.G. O'Sullivan, is a natural person employed by Defendant MWC as a collector at all times relevant to this complaint.

12. Defendant MWC, also known as Gloria Ann Beatty, is a natural person employed by Defendant MWC as a collector at all times relevant to this complaint.

13. Defendant MWC, also known as Diana C. Theologou, is a natural person employed by Defendant MWC as a collector at all times relevant to this complaint.

14. Defendant MWC, also known as Jonathan Elefant, is a natural person employed by Defendant MWC as a collector at all times relevant to this complaint.

15. Defendant MWC, also known as Laura T. Curry, is a natural person employed by Defendant MWC as a collector at all times relevant to this complaint.

16. Defendant MWC, also known as Chasity Brown, is a natural person employed by Defendant MWC as a collector at all times relevant to this complaint.

17. Defendant MWC, also known as Abby K. Moynihan, is a natural person employed by Defendant MWC as a collector at all times relevant to this complaint.

18. Defendant MWC, also known as Antoinette N. Moore, is a natural person employed by Defendant MWC as a collector at all times relevant to this complaint.

19. Defendant MWC, also known as Laura Latta, is a natural person employed by Defendant MWC as a collector at all times relevant to this complaint.

20. Defendant MWC, also known as Michael Cantrell, is a natural person employed by Defendant MWC as a collector at all times relevant to this complaint.

21. Defendant MWC, also known as Daniel Fanaselle, is a natural person employed by Defendant MWC as a collector at all times relevant to this complaint.

22. Defendant MWC, also known as Ledeanna D. Adams, is a natural person employed by Defendant MWC as a collector at all times relevant to this complaint.

23. Defendant MWC, also known as Kyle J. Moulding, is a natural person employed by Defendant MWC as a collector at all times relevant to this complaint.

24. Defendant MWC, also known as Joseph C. Coleman, is a natural person employed by Defendant MWC as a collector at all times relevant to this complaint.

25. Defendant, **McCabe, Weisberg & Conway, LLC,** is a Maryland corporation engaged in the business of collecting debt in this state with its principal place of business located at 312 MARSHALL AVENUE, SUITE 800, LAUREL, MD 20707. The principal purpose of Defendant is the collection of debts in this state and defendant regularly attempts to collect debts alleged to be due another.

26. Defendant, **Selene Finance/ SELENE FINANCE LP,** (herein "Selene"); is a Texas corporation engaged in the business of collecting debt in this state with its principal place of business located at 9990 RICHMOND AVENUE, SUITE 400, HOUSTON, TX 77042. The principal purpose of Defendant is the collection of debts in this state and defendant regularly attempts to collect debts alleged to be due another.

27. Defendant, **FRIEDMAN & FRIEDMAN LLC,** is a Maryland corporation engaged in the business of collecting debt in this state with its principal place of business located at 308 MAPLE TREE DRIVE 2H, GLEN BURNIE, MD 21060.

The principal purpose of Defendant is the collection of debts in this state and defendant regularly attempts to collect debts alleged to be due another.

28. Defendant, (Unlicensed to do business in the state of Maryland) **RLI Insurance Company** (herein "RLI'); is a Illinois corporation engaged in the business of collecting debt in this state with its principal place of business located at 9025 North Lindbergh Drive, Peoria, Illinois USA 61615-1499 The principal purpose of Defendant is the collection of debts in this state and is not registered to do business or collect debts as per Maryland Financial regulations, defendant regularly attempts to collect debts alleged to be due another.

29. **Alex Cooper Auctioneers, Inc, Alex Cooper Auctioneers Of Towson, Inc.** (herein "ACA"); is a Maryland corporation engaged in the business of collecting debt in this state with its principal place of business located at 9025 North Lindbergh Drive, Peoria, Illinois USA 61615-1499 The principal purpose of Defendant is the collection of debts in this state and is not registered to do business or collect debts as per Maryland Financial regulations, defendant regularly attempts to collect debts alleged to be due another.

30. Defendant, **Bank Of America, NA (herein "BOA")**, is a North Carolina corporation engaged in the business of collecting debt in this state with its principal place of business located at 100 North Tryon Street, Charlotte, North Carolina 28202. The principal purpose of Defendant is the collection of debts in this state and defendant regularly attempts to collect debts alleged to be due another.

31. All Defendants are engaged in the collection of debts from consumers using the U.S. mail. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

IV. FACTUAL ALLEGATIONS

1. Defendant(s) engaged in business as a collection agency and is not registered as required by State Collection Agency Licensing Board.

2. MWC attempted to collect a debt on July 9, 2013 by Ms. Carol Jno Baptiste at his/her residence in Baltimore, Maryland.

3. MWC attempted to collect a time barred debt past the statutes of limitations pursuant to state law of Maryland.

4. On July 12, 2013, Plaintiff, Carol Jno Baptiste mailed and faxed a Dispute/Intent to Sue letter over the typewritten name of Carol Jno Baptiste to MWC for harassing and demanding payment of a unknown alleged debt allegedly due to MWC. A copy is attached hereto as Exhibit A.

5. The alleged debt of Ms. Carol Jno Baptiste claimed in Exhibit B was non-existent.

6. Defendant(s) did not respond until August 20th, 2013.

7. Exhibit B, harassing letters that stated: "This is an attempt to collect a debt" and "verification of debt" language.

8. On August 24th, 2013, Plaintiff again, disputed the alleged debt by faxing and sending a letter.

9. Defendant(s) claimed, attempted, or threatened to enforce a right with knowledge that the right does not exist.

10. As a result of Defendant(s) threatening acts alleged above, Plaintiff suffered headaches, nausea, embarrassment, emotional distress/mental anguish miscarried a baby and lost weight and incurred sickness and currently affecting second pregnancy.

11. On November 21, 2013 Defendant(s) sent another attempt to collect a debt to Plaintiff.

12. Exhibit C was successfully faxed to Defendant(s) number (301) 490-1568 December 18th, 2013 and on mailed (USPS Certified Number #7012 1640 0000 2970 7839), e-mailed, and faxed by Ms. Carol Jno Baptiste at her residence in Baltimore, Maryland on December 23, 2013.

13. Defendant(s) received "Exhibit C" on December 26, 2013, 3:28 pm, Plaintiffs, "Intent to Sue" letter and failed to send a five day notice that it was received.

14. The Defendant(s) failed to send made timely validation request, the Debt Collector failed to cease collection activities.

15. The consumer made timely validation request, the Debt Collector failed to cease collection activities.
16. Plaintiff(s) attempted to have the State of Maryland, Attorney General, Secretary of State, Maryland Financial Regulations, and Better Business Bureau mitigate the issue however the Defendant(s) continued with their collection activities.
17. Defendant(s) Selene, (a third part debt collector whom plaintiff has no prior relationship nor have her authorized signature obligating her to pay defendant) attempted to collect a debt on 7/16/2014 and on 8/13/2014 the plaintiff disputed the alleged debt.
18. Defendant(s) BOA have attempted to collect several time in the past then ceased and deceased as of November as of 2014. It continued its debt collection in 2014 and was disputed repeatedly.

V. CLAIM FOR RELIEF
1. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.
2. All Defendant(s) violated the FDCPA. Defendants' violations include, but are not limited to, the following:
    (a) § 1692 g, Failure to send the consumer a 30-day validation notice within five days of the initial communication.
    (b) § 1692 e(8), Threatens or communicates false credit information, including the failure to communicate that a debt is disputed.
    (c) § 1692 b (5), Contact of Third Party: Any language or symbol on any envelope or communication indicating debt collection business.
    (d) § 1692 d, Any conduct the natural consequence of which is to harass, oppress, or abuse any person
    (e) § 1692 e, Any other false, deceptive, or misleading representation or means in connection with the debt collection
    (f) § 1692 e, (10) Any false representation or deceptive means to collect a debt or obtain information about a consumer.

    (g)    § 1692 g, Failure to send the consumer a 30-day validation notice within five days of the initial communication.

    (h)    § 1692 e(8), Threatens or communicates false credit information, including the failure to communicate that a debt is disputed

    (i)    § 1692 e, Any other false, deceptive, or misleading representation or means in connection with the debt collection.

    (j)    § 1692 g (b), Collector must cease collection efforts until debt is validated

3. All Defendant(s) violated the Maryland State FDCPA. Defendants' violations include, but are not limited to, the following:

    (a)    § 7-205 (3), If a violator fails to comply with a lawful order issued by the Board, the Board may impose a penalty of up to $500 for each violation cited in the order, not to exceed $5,000, from which the violator failed to cease and desist or for which the violator failed to take affirmative action to correct, as ordered by the Board.

    (b)    § 14-202 (3), Disclose or threaten to disclose information which affects the debtor's reputation for credit worthiness with knowledge that the information is false;

    (c)    § 14-202 (5), Except as permitted by statute, disclose or threaten to disclose to a person other than the debtor or his/her spouse or, if the debtor is a minor, his parent, information which affects the debtor's reputation, whether or not for credit worthiness, with knowledge that the other person does not have a legitimate business need for the information;

    (d)    § 14-202 (8), Claimed, attempted, or threatened to enforce a right with knowledge that the right does not exist.

    (e)    § 14-202 (8) Contact of Third Party: Any language or symbol on any envelope or communication indicating debt collection business.

    (f)    § 7-303, Failure to qualify for a license, an applicant shall satisfy the Board that the applicant is of good moral character and has sufficient financial responsibility, business experience, and general fitness.

(g) §14-203 – Damages, A collector who violates any provision of this subtitle is liable for any damages proximately caused by the violation, including damages for emotional distress or mental anguish suffered with or without accompanying physical injury.

4. All Defendant(s) violated the 18 U.S. Code § 1341 – Mail Frauds, Defendants' violations include, but are not limited to, the following:

(a) § 1341, Frauds and swindles, "however, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation occurs in relation to, or involving any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency (as those terms are defined in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both".

(b) "There are two elements in mail fraud: (1) having devised or intending to devise a scheme to defraud (or to perform specified fraudulent acts), and (2) use of the mail for the purpose of executing, or attempting to execute, the scheme (or specified fraudulent acts)." Schmuck v. United States, 489 U.S. 705, 721 n. 10 (1989); see also Pereira v. United States, 347 U.S. 1, 8 (1954) ("The elements of the offense of mail fraud under . . . § 1341 are (1) a scheme to defraud, and (2) the mailing of a letter, etc., for the purpose of executing the scheme."); Laura A. Eilers & Harvey B. Silikovitz, Mail and Wire Fraud, 31 Am. Crim. L. Rev. 703, 704 (1994) (cases cited).

WHEREFORE, plaintiff, Carol Jno Baptiste respectfully requests that judgment be entered against defendants MWC for the following:

1. As a result of the foregoing violations of the FDCPA, defendants are liable to the plaintiff, Carol Jno Baptiste for declaratory judgment that defendants' conduct violated the FDCPA, MD-FDCPA and mail fraud, actual damages.
2. Statutory damages pursuant to 15 U.S.C. § 1692k;
3. Costs and reasonable fees pursuant to 15 U.S.C. §§ 1692k; and
4. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**
Please take notice that plaintiff Carol Jno Baptiste demands trial by jury in this action.

Respectfully submitted,

_____
Carol Jno Baptiste, Propria Persona          c/o 1615 E Cold Spring Lane
w/o prejudice                                 Baltimore, MD 21218

Rest of page left blank intentionally